# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1142

_____

United States of America,      *
     *
     Plaintiff-Appellee,      *
     *    Appeal from the United States
     v.      *    District Court for the
     *    Eastern District of Missouri.
Derrick D. Scott,      *
     *      [UNPUBLISHED]
     Defendant-Appellant.      *

_____

Submitted: September 9, 2003

Filed: October 2, 2003

_____

Before SMITH, LAY, and BRIGHT, Circuit Judges.

_____

PER CURIAM.

A jury found Derrick D. Scott guilty of a one count indictment charging him with possession with the intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Following a sentencing hearing, the district court[1] determined Scott's base offense level to be 36 by applying the relevant conduct provisions of U.S.S.G. § 1B1.3. The district court also found that Scott should receive a two-level upward adjustment under U.S.S.G. § 3C1.1 for

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

obstruction of justice based upon the district court's finding that Scott had perjured himself during his testimony at trial. Scott's total offense level was therefore set at 38. His criminal history category was set at V. The guideline range dictated by these determinations was 360 months to life imprisonment, and the district court sentenced Scott to 360 months imprisonment.

On appeal, Scott challenges the court's determination of the quantity of drugs involved based upon the relevant conduct admitted at the sentencing hearing and also the finding of the district court that he committed perjury during the trial. We affirm the sentence imposed by the district court.

## I. BACKGROUND

On February 8, 2002, at 11:30 a.m., Scott was pulled over by Sergeant Andrew Cooper for driving with a suspended license. Scott was placed under arrest and removed from the vehicle and a pat down search was conducted for weapons. At the time of the search, Scott was found to have concealed hard, rock-like items Officer Cooper believed to be crack cocaine. Upon arriving at the Sikeston Department of Public Safety, a thorough search of Scott's person was conducted by Officer Cooper. During this search, Cooper noticed a clear plastic baggie sticking out from underneath Scott's boxer shorts which was later determined to have contained 3.5 grams of cocaine base. Officer Cooper also uncovered a second baggie containing a total of 8 grams of powder cocaine and a third baggie containing 19 grams of cocaine base. Scott thereafter talked to authorities and stated that he had obtained the cocaine from an individual identified as John Henry Turner, Jr.

At trial, Scott took the stand and testified on his own behalf. He denied that law enforcement officers had searched him at the police station and that any cocaine had been removed from his person. He further denied that he gave any statement of any kind to the officers. Various law enforcement officers took the stand in rebuttal

and testified that Scott did in fact speak with them and that cocaine was removed from Scott's person. At the completion of the trial, the jury found Scott guilty of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1).

The Presentence Report recommended that Scott's base offense level, including all relevant conduct, should be set at 38 insofar as Scott was responsible for the distribution of at least 1.5 kilograms of cocaine base. See U.S.S.G. § 2D1.1(c). The report further recommended a two-level adjustment under U.S.S.G. § 3C1.1 on the basis that Scott had perjured himself at trial. Scott objected to both of these recommendations.

At the sentencing hearing, the Government produced four witnesses. Each had a criminal record and each testified as to the amount of cocaine base and crack cocaine that Scott had either purchased from or sold to them during a period of years. Each of the witnesses stated that no promises of any kind had been made to them in exchange for their cooperation, but each indicated that they were hopeful that their cooperation could be of assistance to them concerning either pending charges or a reduction in the amount of time to be served.

Scott's rebuttal was in effect a complete denial of any purchases from or sales to these four witnesses. The district court thereafter made findings that all of the Government's witnesses were credible and their testimony was found to be persuasive by a preponderance of the evidence. The court found that the relevant conduct demonstrated that Scott was responsible for the distribution of more than one-half kilogram of cocaine base, resulting in a base level of 36. See U.S.S.G. § 2D1.1(c). The district court further found that Scott had intentionally committed a material falsehood under § 3C1.1 of the Guidelines, warranting a two-level enhancement. On the basis of these findings, Scott's total offense level was set at 38. With a criminal history category V, the guidelines range was 360 months to life imprisonment. Scott

was sentenced to 360 months imprisonment to be followed by eight years of supervised release.

## II. DISCUSSION

On appeal, Scott challenges the district court's determination of his relevant conduct. Scott argues that the four witnesses called by the Government to establish the drug quantity involved were not credible. The district court found that these witnesses were credible, however, and therefore it did not err in considering their testimony. The district court's finding regarding the credibility of these witnesses concerning the drug quantity was a factual determination for the court to make and will not be disturbed absent clear error. See United States v. Candie, 974 F.2d 61, 64 (8th Cir. 1992) (noting that determination of drug quantity based on witness credibility is "virtually unreviewable on appeal"). The record demonstrates that the testimony of each witness was detailed and specific and based upon their first-hand knowledge. Under such circumstances, the district court's finding of the drug quantity was not clearly erroneous and must be affirmed.

The defendant also challenges the determination by the district court to apply the two-level enhancement contained in U.S.S.G. § 3C1.1 on the basis that Scott committed perjury during his testimony at trial. Scott contends that this finding was clearly erroneous. We disagree. The overwhelming evidence at trial demonstrated that cocaine was removed from Scott's person and that he spoke with law enforcement authorities. The district court based the obstruction of the administration of justice on Scott's denial of these facts. The district court found that Scott's denial was an intentional deception regarding material facts. Under such circumstances, application of U.S.S.G. § 3C1.1 was proper. See United States v. Dunnigan, 507 U.S. 87, 96 (1993) (upholding application of U.S.S.G. § 3C1.1 where district court finding of obstruction of justice "encompasse[d] all of the factual predicates for a finding of perjury").

## III. CONCLUSION

We find no other meritorious arguments in Scott's appeal. On this basis, the judgment and sentence of the district court are hereby AFFIRMED.

_____